(53 Misc. Rep. 319)

COUPER v. O'NEILL.

(Supreme Court, Appellate Term. March 14, 1907.)

BROKERS — COMPENSATION — FAILURE TO COMPLETE CONTRACT — DEFECT IN TITLE.

At the time a contract of sale was made with a purchaser procured by a broker a contract was entered into between the owner and the broker by which the owner agreed to pay a stated commission "when the title is passed." Title never passed, because of defects therein. *Held*, that the broker was not entitled to the commission.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 92, 93.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by James M. Couper, Jr., against Paul F. O'Neill. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

James E. Kelly, for appellant.
William Harman Black, for respondent.

HENDRICK, J. Plaintiff brought this action, and recovered a judgment for $250, for broker's commissions alleged to have been earned by him in procuring a purchaser for defendant's property. It does not appear from the testimony what arrangement, if any, there was between the parties preceding the day on which a contract for the sale of defendant's real estate was entered into between him and the prospective purchaser, thus distinguishing this case from the case of Hough v. Baldwin, 50 Misc. Rep. 546–548, 99 N. Y. Supp. 545; but on the day and at the time the written contract was signed by the defendant and said purchaser, who is conceded to have been able to make the purchase upon the terms named in the contract, the plaintiff and defendant executed the following instruments in writing:

"March 12th, 1906.

"I hereby agree that my commission on sale of No. 34 Horatio street for Paul F. O'Neill shall be two hundred and fifty dollars as full commission, and that it shall not be due and payable until the title to said premises shall be passed. I agree that no other broker has an interest in this sale.

"J. M. Couper, Jr.,
"336 West 58th St."

"March 12th, 1906.

"I recognize James M. Couper, Jr., as a broker who negotiated the sale of my property No. 34 Horatio street, and agree to pay him a commission of two hundred and fifty ($250.00) dollars, when the title is passed.

"Paul F. O'Neill."

Title to the property never passed, as defects were found therein, and the contract was subsequently canceled, and the defendant returned

the deposit paid by the prospective purchaser to him. The plaintiff claims that his right to commissions was earned at the time the contract was executed between the defendant and the vendee, and that, as the failure to convey was wholly the fault of the defendant, he is entitled to maintain this judgment. Ordinarily that would be true, but in the case at bar the plaintiff has expressly agreed that his commissions shall not be "due and payable until title shall be passed." This agreement was made at the time an enforceable contract between the vendor and the vendee had been entered into, and presumably was for the purpose of evidencing in writing the agreement made between the plaintiff and the defendant regarding the payment of commissions. That this is true is shown by the testimony of the defendant, received without objection or exception, who testifies that:

"Q. Now, Mr. O'Neill, please tell the court just what took place when these two papers, Exhibits 1 and 2, introduced by the plaintiff, were signed. A. Well, do you want me to tell what took place between Mr. Couper and myself? Q. Yes. A. Well, before we came to an agreement on the price, when I thought there might be an agreement, I said, 'Mr. Couper, I don't know you very well,' as I had never met the gentleman before. I said, 'So as you won't have any misunderstanding when we come to an agreement, I don't intend to pay only $250 as commission for the sale of this house; also I don't intend to pay any commission until title has passed.' He said, 'That will be agreeable to me,' and before I signed the contract in your office I told you the same matter in front of Mr. Couper, and Mr. Couper said that was right."

Cross-examination by plaintiff's counsel:

"Q. Mr. O'Neill, at the time you drew this agreement you intended to pay Mr. Couper $250, did you not? A. I did, if title passed. Q. Well, you expected that it was going to pass, did you not? A. I did; but I did not know anything to stop it. Q. Well, you intended then to pay Mr. Couper this $250? A. Yes, sir; if the title passed."

Under these facts we think the plaintiff had no cause of action against the defendant. The cases cited by the respondent are those where no specific agreement was made between the vendor and the broker, and it was held that the broker had earned his commissions when he had brought a purchaser able, willing, and ready to purchase in conformity with the terms of sale. It is reasonable to assume that, if the plaintiff regarded his commissions as having been due or earned at the time the contract between the vendor and vendee was executed, he would have entered into no agreement that the same should not be due or payable until the title passed, thus making his commissions dependent upon the occurring of that event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.