## CHEATHAM & HANEY v. DANSBY.

(Court of Civil Appeals of Texas. Ft. Worth. July 5, 1913.)

BROKERS (§ 60*)—ACTION FOR COMMISSIONS— EXCHANGE OF PROPERTY—QUANTUM MERUIT.

Where defendant made no agreement to pay broker's commissions to plaintiffs unless the sale of defendant's property should be completed by an actual exchange, plaintiffs in the absence of an exchange could not recover on a quantum meruit, though they had performed services and expended money in an effort to bring it about.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 91; Dec. Dig. § 60.*]

Appeal from District Court, Bosque County; O. L. Lockett, Judge.

Action by Cheatham & Haney against Charles E. Dansby. Judgment for defendant, and plaintiffs appeal. Affirmed.

Alva Bryan, of Waco, and Cureton & Cureton, of Meridian, for appellants. Waller S. Baker, of Waco, and Jas. M. Robertson, of Meridian, for appellee.

CONNER, C. J. Appellants during November of 1910 were doing business at Waco, Tex., as real estate agents, and as such had listed with them for sale certain property situated in Waco belonging to one R. B. Carpenter; Mr. Cheatham of the appellant firm met Mr. Chester Smith, who stated that he had 526 acres of land in Hill county which he would like for Cheatham to sell. Appellee Dansby was the owner of the land in Hill county referred to in the conversation just stated, and Smith was his farm superintendent, who had been requested to find a purchaser, but who was not empowered or authorized to sell, nor to place the lands in the hands of any agent for sale. Nevertheless, Mr. Cheatham made one or more trips to Hill county and finally exhibited the land to said Carpenter. Appellee was thereupon requested to come to Waco, which he did, and as a final result of the negotiations between Carpenter and Dansby they entered into a written contract for an exchange of lands. The form or sufficiency of the contract is not questioned, and therefore need not be set out. It provided, however, for the deposit by Carpenter of $1,000 in the bank, to be paid Dansby as a forfeit in event of Carpenter's failure to comply with the contract. Carpenter later did refuse to comply with the contract, and Dansby accepted the $1,000 forfeit, whereupon appellants instituted this suit, claiming $700 as commissions, which it is alleged Dansby agreed to pay them. The trial resulted in a verdict and judgment in favor of the defendant, Dansby, and hence this appeal.

As we find it, the issue is a very simple one. It is not contended that Smith had any authority to list with appellants the lands belonging to appellee situated in Hill county; but it is specifically alleged "that, prior to the actual signing of said contract, defendant promised and agreed to pay plaintiffs a commission of $700; that being the amount of commission agreed upon prior to the execution of said contract." The testimony of appellant Cheatham supports this allegation; but it was specifically denied both in the pleadings and in the evidence of appellee, Dansby, and the court, after instructing the jury that the contract between Carpenter and Dansby was binding as a contract for the sale of the lands therein described and that the undisputed evidence showed that Cheatham and Haney were the procuring cause of making the said contract of sale, thus submitted the issue: "Now if you believe from a preponderance of the evidence that for the making of said contract of sale the defendant, Charles E. Dansby, promised to pay to Cheatham & Haney the sum of $700 then, in that event, you will find said sum of money for the plaintiffs. On the other hand, if you believe from the evidence that Charles E. Dansby only promised to pay a commission for making said contract of sale, on condition that said contract of sale should be completed by an actual exchange of said property, etc., then if you so believe you will find for the defendant."

Appellants assign error to the charges quoted, because they excluded a recovery of a less sum than $700 on a quantum meruit, as had also been pleaded by them. But if true, as evidently found by the jury, that appellee made no agreement for the payment of commissions whatever unless the sale should be completed by an actual exchange of the property specified in the contract, then nothing was recoverable by appellants on the theory of a quantum meruit, notwithstanding they may have performed services or expended money in the effort to effectuate a sale. Parties are at liberty to make such contracts as they may choose when not forbidden by the law, and there is no contention in this case that the contract entered into between the appellee and Carpenter had been completed by an actual exchange of the property specified therein. We, therefore, think we must overrule appellants' first, second, and third assignments of error.

Appellants' fourth assignment of error is to the action of the court in refusing a special instruction, which was properly refused, if for no other reason, because it entirely ignored appellee's defense that the agreement was that he was in no event to pay commissions unless the contract of sale should be completed by an actual exchange of the property therein specified.

What we have already stated sufficiently shows that the court did not err in overruling the motion for new trial.

It is, accordingly, ordered that the judgment be affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes