COOPER et ux. v. MAREK et al.  (No. 5305.)

(Court of Civil Appeals of Texas. Austin.
March 4, 1914. Rehearing Denied
April 1, 1914.)

1. ESCROWS (§ 1*)—NATURE AND REQUISITES IN GENERAL.

Before an instrument can become an escrow, the contracting parties must actually agree thereto, and an agreement between the grantors as to the distribution of the purchase price was not binding on the grantee, who was not a party thereto.

[Ed. Note.—For other cases, see Escrows, Cent. Dig. §§ 1–3, 5; Dec. Dig. § 1.*]

2. TRUSTS (§ 202*)—CONVEYANCE—APPLICATION OF PROCEEDS.

Where a father and children executed a deed and also an agreement as to the distribution by the father of the purchase price, to which the grantee was not a party, and the father, who acted for the children as well as himself, delivered the deed to the grantee, the grantee was not bound to see that each of the children received his proportionate share of the purchase price, according to the agreement, and one of the children could not object that the delivery was unauthorized, because she did not receive her share.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 271, 272; Dec. Dig. § 202.*]

3. FRAUD (§ 30*) — DECEPTION CONSTITUTING FRAUD—RELIANCE ON REPRESENTATIONS—PERSONS LIABLE.

One of several grantors was not entitled to object, as against the grantee, that she had been misinformed as to her liability on a mortgage on the land, unless she was deceived and misled by the grantee.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 35; Dec. Dig. § 30.*]

4. APPEAL AND ERROR (§§ 969, 1046*)—TRIAL (§ 25*)—ARGUMENT—OPENING AND CLOSING—DISCRETION OF COURT—HARMLESS ERROR—REVIEW.

Under district and county court rule 37 (142 S. W. xx), providing that counsel for an intervener shall occupy the position in the argument assigned him by the court, according to the nature of the claim, the matter is within the sound discretion of the court, which is not subject to review unless abused, and error could not be predicated on the refusal of the court to permit interveners to open and close the argument, where there was nothing to indicate any injury therefrom.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3845–3848, 4128–4131, 4134; Dec. Dig. §§ 969, 1046;* Trial, Cent. Dig. §§ 44–75; Dec. Dig. § 25.*]

5. APPEAL AND ERROR (§ 173*)—RESERVATION OF OBJECTIONS — NECESSITY OF PRESENTATION TO TRIAL COURT.

An objection to the validity of a deed, which was not raised in the pleadings nor in any matter brought to the attention of the trial court, cannot be urged for the first time on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. § 173.*]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Suit for partition by F. A. Marek and another against John W. Barrett and others, wherein W. N. Cooper and wife intervened. From a judgment for plaintiffs, the interveners appeal. Affirmed.

W. A. Morrison, of Cameron, for appellants. Henderson, Kidd & Gillis, of Cameron, for appellees.

RICE, J. B. C. Barrett and his eight children owned 400 acres of land on the Francisco de los Rios survey in Milam county, which was the community property of himself and his deceased wife, and which he and his said children, except John W. Barrett, agreed to sell to F. A. Marek for the sum of $20,250; and, on the 11th day of June, 1912, in pursuance of said agreement, they execut-

ed their deed to Marek for said land, and at the time of its execution signed a written agreement providing for a division of the proceeds of such sale when the same should be paid by Marek, which deed, together with said agreement, was deposited by B. C. Barrett (who appears to have been acting for himself and children in making such sale) in the First National Bank of Cameron. It was contemplated that Marek should pay part cash and give his notes for the balance of the purchase money, the proceeds of which, when sold by B. C. Barrett, together with the cash, was to be distributed by him among the grantors, said agreement providing that the children should have one-half of the proceeds, less an $1,800 mortgage due upon the land, which was to be deducted from their portion, the father paying off the other liens upon the property out of his part thereof. Upon the payment of the money and execution of the purchase-money notes by Marek, the deed was delivered to him by B. C. Barrett, and he subsequently sold one-half of the land to A. N. Green. Within a few days after the delivery of the deed to Marek, Barrett sold the notes to Mrs. Ziminia Watson, as he was authorized to do by said agreement, depositing their proceeds in the Cameron State Bank, leaving checks therein, payable to the order of each of his children, except J. W. Barrett, for their share of such proceeds, amounting to $1,010 each, including Mrs. Laura Cooper. John W. Barrett sold his $1/16$ interest in the estate to his brother B. J. Barrett, taking in part payment therefor his three vendor's lien notes for the sum of $600 each. Said checks were accepted by all of the children, except Mrs. Cooper, who declined to do so on the ground that the same was not sufficient in amount, and that she had been misinformed with reference to her liability on the mortgage above mentioned. Thereafter, on the 8th day of April, 1913, Marek and Green brought this suit for partition against John W., and B. J. Barrett, alleging that they (plaintiffs) owned an undivided $15/16$ of said land, and that B. J. Barrett owned an undivided $1/16$ thereof, and that John W. Barrett was asserting some claim or interest therein, as the vendor of B. J. Barrett, and that plaintiffs were in possession of their part of said tract, and defendant B. J. Barrett in possession of his part. The defendant John W. Barrett answered that he had conveyed his portion to his codefendant B. J. Barrett, and in part consideration thereof had taken the three notes mentioned, retaining a vendor's lien, and asked that in partition he be protected as to his lien and crops then growing on the place. Cooper and wife intervened, setting out the facts showing their interest in the transaction, as above stated, alleging that since the death of her mother, which occurred September 17, 1890, her father had remained in possession of the entire tract, during which time he had appropriated the rents

and revenues thereof for more than 20 years to his own use and benefit, and that her pro rata part thereof amounted to $125 per annum; that at the time she and her husband executed the deed to Marek it was contemplated and agreed that all of the owners would sign same, but that her brother J. W. Barrett had refused to execute said deed, and that she had been misinformed as to her rights, without stating by whom, and was led to believe, from statements made to her, that she was liable for the payment of a $1/8$ part of the deed of trust thereon, which had been executed by her father, which, together with interest, amounted to the sum of $1,926, and that under said misapprehension she had obligated herself to pay her part thereof, to wit, $240.75, which she would not have executed if she had known the facts; that neither of the plaintiffs had ever paid her for her interest in said land, and that by the terms of the agreement she was entitled to have $1,024.44, and that the deed had been delivered to Marek without her authority, for which reason the title did not pass out of her; and it is alleged that plaintiffs had knowledge of the existence of her rights in the premises. It was further alleged that, while she had been advised that the check was at the bank for her, she refused to accept it, and so notified plaintiffs, stating the reason therefor. Plaintiffs answered, specially denying that they had made any misrepresentations, or that any such were made with their knowledge or by their authority; that they had in good faith complied with the terms of their contract, paid the consideration stipulated, and that the deed had been delivered to them without any knowledge of the facts set up in the plea of intervention, and further alleged that they were not parties to the agreement between the grantors with reference to the sale of said land and the distribution of the proceeds, and therefore were in no wise bound thereby. The case was tried before a jury, and on a peremptory instruction, returned a verdict in favor of plaintiffs for $14/16$ of the land, and in favor of the defendant B. J. Barrett for the remaining $1/16$, and the case as to the interveners was submitted on one issue made by them and refused on the other. A verdict and judgment was rendered against them, and decree was entered determining the rights of the parties in accordance with the verdict and protecting the liens of J. W. Barrett and Mrs. Watson, who also had been made party defendant, and had set up her right as holder of the notes mentioned.

[1, 2] The first error assigned is that the court refused to give a peremptory instruction in behalf of interveners, for the reason that the deed was delivered to the plaintiffs without their consent and in contravention of the escrow agreement. We overrule this assignment, because if the deed was ever left in the bank as an escrow, which is doubtful under the evidence, still, the collateral agree-

ment between the grantors with reference to the division of the proceeds for which the land sold was no part thereof, and was clearly not binding upon Marek, as he had never signed it nor agreed thereto. Am. & Eng. Ency. Law, vol. 11, pp. 335, 336, in which it is stated that the deposit in such case must be made by the agreement of the parties to the instrument. A delivery made by the depositor alone will not be sufficient to constitute a valid escrow. See, also, 3 Words & Phrases, p. 2464, where it is clearly shown that, before an instrument can become an escrow, the contracting parties must actually agree thereto. In the present case the facts fail to show that Marek had anything to do with said contract relating to the division of the proceeds among the grantors, and hence was not bound thereby. The deed was delivered to Marek by B. C. Barrett, who under the evidence seems to have been acting in behalf of himself and the others, and the title passed to Marek thereby, notwithstanding the parties failed to properly divide the purchase money among themselves. No duty was imposed under the law upon Marek to see that each of the heirs received their proportionate part of such money. Therefore, the evidence did not justify the submission of the issue as to the deed's being delivered in contravention of the escrow agreement, for which reason the second assignment is also overruled.

[3, 4] The court' did not err in charging the jury to find against interveners in the event they were not deceived and misled by statements made to them relative to the $1,800 mortgage. Nor do we think the court erred in refusing to permit interveners to open and close the argument. This matter, under rule 37 (142 S. W. xx), is within the sound discretion of the trial court, and, unless abused, is not the subject of review. There is nothing in the record indicating that any injury resulted to interveners therefrom; and, since the evidence negatives the fact that they were misled by any misrepresentations by either Marek or B. C. Barrett, the court might properly have given a peremptory instruction to find in favor of plaintiffs.

[5] We overrule the seventh assignment, complaining that the deed was improperly delivered because appellants did not receive their share of all the purchase money, in that Rogers, the real estate agent, was paid $1,000 commissions for making the sale, because this matter was not raised in the pleadings, nor in any manner brought to the attention of the trial court, and cannot be urged for the first time here; and, as their father, who had employed said agent and agreed to pay him such sum as commissions for his services, appears to have been representing them in the transaction, we fail to see how any complaint could be made on this score.

The remaining assignments have been considered, and are regarded as without merit. Finding no reversible error in the record, the judgment of the court below is affirmed.

Affirmed.