## FREEMAN v. WOOTEN.　(No. 1844.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 19, 1921. Rehearing Denied Nov. 16, 1921.)

1. **Brokers ⬡52—Actual consummation of sale may be provided for by contract.**

Where a broker agrees that he shall receive no commissions until a sale is actually consummated by a transfer of the title and payment of the purchase price, he cannot recover, in the absence of such consummation, without showing that failure to complete the sale was due to the owner's fault.

2. **Brokers ⬡86(1)—Evidence held to show special contract.**

In broker's action for commissions, evidence *held* to show that the terms of the contract between plaintiff and defendant were special, entitling plaintiff to commissions only if a sale were actually consummated.

3. **Pleading ⬡93(2)—Inconsistent defenses allowable.**

In broker's action for commission, where defendant pleaded a fraudulent conspiracy between plaintiff and the alleged purchaser in drawing up the contract to purchase in another form than authorized, and also alleged mutual mistake in this regard, defendant was not estopped by his allegations of mutual mistake from relying on the allegation of fraud, under the rule allowing the pleading of inconsistent defenses.

4. **Appeal and error ⬡930(3)—Issues not submitted presumed found in favor of prevailing party.**

Where there was evidence from which the jury might have inferred that there was a fraudulent omission from the written contract of the parties as claimed by defendant appellee, but the issue of fraud was not submitted to the jury, it was the duty of the appellate court to presume in support of the judgment that the court found that there was such fraudulent omission.

5. **Appeal and error ⬡1050(2)—Rulings on evidence as to immaterial issues harmless.**

Where, in broker's action for commissions, the verdict was in favor of appellee owner on the main issue, namely, that the broker's contract was a special one, entitling him to commissions only on actual consummation of sale, which condition had not been performed, questions of fraud, mutual mistake, and rescission became immaterial, and rulings admitting evidence thereon were harmless.

Appeal from District Court, Hemphill County; W. R. Ewing, Judge.

Action by C. C. Freeman against J. O. Wooten. From judgment for defendant, plaintiff appeals. Affirmed.

Sanders & Jennings and Hoover, Hoover & Willis, all of Canadian, for appellant.

Frank Willis, of Canadian, for appellee.

HALL, J. Appellant Freeman sued appellee, alleging in substance that he was a real estate broker, and that appellee listed with him certain lands in Ochiltree county, to be sold at $20 per acre, terms of payment being arranged between appellee and the purchaser; that if appellant should find a purchaser who would enter into a contract of purchase at the stipulated price or for such less sum as appellee would accept, appellant should receive 5 per cent. commissions, to be paid at the time the services were performed; that in pursuance of said contract appellant procured as a purchaser one G. B. Popham, who entered into a binding written contract, which could be specifically performed. Appellant pleaded in the alternative an implied contract to pay commissions, alleging that 5 per cent. of the selling price was the reasonable value of his services rendered and accepted by appellee. Appellee answered in substance: (1) That he did not list his land with appellant for sale, and that the services, if any rendered by appellant, were so rendered, either as the agent of Popham or as a volunteer. (2) That there were liens on the land to secure unpaid notes; that appellee had previously notified both appellant and Popham that the purchaser must assume this indebtedness or procure funds to pay it off; that the contract of sale was drawn up at the instance of appellant and Popham, and they conspired and perpetrated fraud upon appellee by leaving out of the contract the clause binding the purchaser to assume or pay off the indebtedness as a part of the consideration, thus providing a loophole through which the purchaser could escape the binding effect of the contract and avoid specific performance. (3) That several contracts were made, and, though evidenced by separate writings, they in fact constituted one entire agreement, that after the execution of the contract Popham agreed with appellee that he was not able financially to comply with its terms, that the contract was partly in writing and partly oral, and that some of the written terms were inaccurate, in consequence of which appellant and appellee executed another contract, canceling and rescinding all of their agreements previously made. (4) That appellant failed to furnish a purchaser who was ready, able, and willing to buy upon the terms named. (5) That appellant and Popham began negotiations with appellee, looking to a trade of appellee's land

and personal property for Popham's lands and certain cattle, among which were 100 yearling steers, which were to be included in the trade, free of liens; the remainder of the consideration moving from Popham was to be represented by the assumption of the lien indebtedness described above, and his vendor's lien notes, in denominations of $1,000 each, payable annually for the balance; that when the contract was prepared it did not express the true agreement between the parties, and immediately after it was executed appellee called the attention of Popham to the omissions in the writing, whereupon Popham agreed that the contract was incorrect, and stated to appellee that he would either assume such indebtedness or furnish money to pay it off and deduct the amount from the purchase price; that appellant knew that Popham was to assume the indebtedness, and knew that the matters were omitted from the writing by mistake of the parties and by his own fraudulent acts. (6) That before appellee and Popham rescinded the trade the latter stated to appellee that he was not able to carry out its terms, and was unwilling to assume the indebtedness against the premises, wherefore appellant has not furnished a purchaser who was ready, willing, and able to take the land upon the terms stated. (7) That within a day or two after the contract was executed Popham mortgaged his cattle to a bank, and placed it beyond his power to perform the contract by delivering said cattle to appellee, free of incumbrance and before the rescission was executed Popham informed appellee that he could not discharge the lien on said steers, and was therefore not able to comply with the contract.

The case was submitted to a jury upon the following special issues, which were answered negatively:

"No. 1. Did the defendant list his land with the plaintiff, Freeman, for sale and agree to pay him 5 per cent. commission in the event he procured a purchaser?

"No. 2. Prior to the negotiations between Popham and Wooten, did Wooten, by his acts and conduct, authorize Freeman to find a buyer for his, Wooten's, land, without any reference to the amount of commission Wooten should pay?"

[1, 2] Appellant has presented the case here upon 12 different assignments, which under the view we take of it we think it unnecessary to consider in detail. The plaintiff bases his right to recover upon a general contract of listing, and in the alternative seeks to recover upon an implied contract. The effect of the jury's finding is that the appellee did not list the land under a general listing contract with appellant, and that appellant is not entitled to recover 5 per cent. commissions upon a quantum meruit. By referring to the record we find that appellant testified in substance as follows:

"In the various negotiations I had with Wooten relative to the sale of this land he told me he wanted me to sell him out, and I told him I would try to sell him out; that the best way for me to do it was for me to bring him a buyer, to bring him a man and let them make the trade, and he said all right, and if I would bring him a man and he could sell to him he would give me 5 per cent. commission on the deal."

Appellee's testimony with reference to the contract is substantially as follows:

"I agreed to pay Freeman as commission $600 in the event the trade went through, deeds and abstracts were passed on and Mr. Popham accepted the land. I told him I absolutely would not give him anything until the deal was complete. I told Freeman he would not get a dime until the deal was completed and possession given, deed passed on and papers turned over. No deed was ever given, the papers were never turned over, nor possession given to Mr. Popham, nor did Mr. Popham ever execute any notes on the land, and I never received anything of value on the contract and never have."

The jury's finding would indicate that they believed Wooten's testimony as to the terms of the contract. If Wooten is to be believed, then appellant's employment is under a special contract, limiting his right to recover as expressed therein when the deal was completed, possession given, deeds passed on, and papers turned over. It appears that Popham was to deliver as part of the consideration 100 yearling steers, and that within a few days after the execution of the contract he mortgaged the steers to a bank, and, according to his statements, thereby became unable to comply with the terms of the written contract, and this through no fault of appellee. The rule is announced in Heath v. Huffhines, 152 S. W. 176, that where a broker agrees that he shall receive no commissions until a sale is actually consummated by a transfer of the title and payment of the purchase price, he cannot recover in the absence of such consummation, without showing that the failure to complete the sale was due to the owner's fault; and this is the general rule. Owen v. Kuhn, Loeb & Co., 72 S. W. 432. The appellant's testimony tends to corroborate that of appellee with reference to the terms of the contract being special.

[3, 4] Appellee alleged a fraudulent conspiracy between appellant and Popham in drawing up the original contract, in that they omitted therefrom the stipulation that Popham should assume or procure the money and pay off certain indebtedness then existing against appellee's land. It is true that the answer also alleged that this term of the contract was omitted by mutual mistake, but under the rule in this state that a defendant may plead inconsistent defenses he is not estopped by his allegations of mutual mistake from relying upon the first allegation made of fraud. There is evidence from which the jury might have inferred that this term was

fraudulently omitted from the written contract. The issue of fraud was not submitted to the jury, and it becomes our duty to presume in support of the judgment that the court found that the term was fraudulently omitted.

Most of appellant's assignments relate to the action of the court in overruling certain exceptions. The exceptions are not copied in the brief, as required by the rules, but by referring to the record we find that several of them are not special exceptions, but are only general exceptions to certain allegations. Appellee had the right, under a general denial, and certainly in the absence of an objection, to prove another and different contract from that declared upon by appellant. This having been done to the satisfaction of the jury, and there being evidence to sustain the findings, the court's ruling upon the various exceptions, if erroneous, was harmless. If the contract was special in its terms, as stated by appellee, denying appellant the right to recover until deeds and papers had passed and possession was given, and afterwards Popham, by mortgaging the steers, which were to be taken by appellee unincumbered, as part of the consideration, became unable to perform the contract, the court's ruling upon the exceptions urged against that part of the answer alleging the omission from the writing of the stipulation, to the effect that Popham should assume to pay off the incumbrances against the land, is immaterial. Admitting that an enforceable contract was entered into, nevertheless under the special listing agreement appellant could not recover until the sale was completed, unless the seller was in some way responsible for a failure to complete it. It is clear that Wooten was in no way chargeable with Popham's act in mortgaging his cattle, thus placing himself in position where he could not comply with the terms of sale. Wooten could insist upon appellant's procuring a purchaser who was not only able and ready to buy, but who would actually buy, his land upon his terms, with the reasonable prospect of ultimately paying for it. A mere promise to buy, even though evidenced by a binding contract, did not require him to sell to one who could not buy as agreed, and who would probably be unable to pay for it. To so hold would be requiring appellee to resort to his action for damages, with the prospect of ultimate recovery and compensation in doubt. Heath v. Huffhines, 152 S. W. 176; Gaut v. Dunlap, 188 S. W. 1020; Cheatham & Haney v. Damsby, 159 S. W. 385; McCarty v. Bristow, 145 S. W. 1029.

[5] Furthermore, if after the execution of the contract Popham was unable to procure the money necessary to pay off the incumbrances upon the land, and was not willing to assume the indebtedness against it, and that without fault of appellee, these facts bring the case within the rule announced in the foregoing decisions. The effect of these decisions is to make all matters relating to the contract of sale between the parties in a sense immaterial to appellant's right to recover. Only in the event the sale was actually consummated, according to the special contract, would his commissions be due. The questions of fraud, mutual mistake, and rescission are of no consequence in the light of the facts appearing from the record. It also follows that the admission of evidence upon the issues, if error, is harmless, and the various rulings of the court upon the exceptions to the pleadings are cured by the verdict in favor of appellee upon the main issue. Ellerd v. Campfield, 161 S. W. 392; Slaughter v. Crisman, 178 S. W. 1. This is also true of the court's refusal to define the terms "express contract" and "implied contract."

The judgment is affirmed.