## HAILE v. SMITH.    (No. 2613.)

(Court of Civil Appeals of Texas. Amarillo.
May 26, 1926. Rehearing Denied
June 30, 1926.)

1. Brokers ☜49(1).

In absence of contrary agreement, presumption is that, to be entitled to broker's commission, sale of land must be for cash.

2. Brokers ☜49(1)—Where conditional sale was not consummated, verdict against broker, claiming commission under agreement or on quantum meruit basis, held supported by evidence.

Where sale of land was conditional on purchaser's obtaining loan to discharge indebtedness, and such loan could not be obtained because of terms of instrument evidencing indebtedness so that sale was not consummated, verdict against broker suing for commission on agreement or quantum meruit basis held supported by evidence.

3. Appeal and error ☜930(1).

Reviewing court must assume that jury found in accordance with the testimony.

Appeal from Dickens County Court; H. A. C. Brummett, Judge.

Suit by C. C. Haile against W. P. T. Smith. Judgment for · defendant, and plaintiff appeals. Affirmed.

See, also, 282 S. W. 348.

W. E. Lessing, of Spur, for appellant.
W. D. Wilson, of Spur, for appellee.

JACKSON, J. This suit was instituted by the appellant, C. C. Haile, in the county court of Dickens county, Tex., against the appellee, W. P. T. Smith, to recover $536.25, commission for the sale of certain real estate.

Appellant alleges that he was a broker, engaged in the sale of real estate for commission, and that appellee listed with him for sale certain lands at $65 per acre, or a total price of $10,725, and agreed to pay him 5 per cent. commission on said consideration. He pleads in the alternative that, if he be mistaken as to an express agreement to pay him the commission for the sale of the land, nevertheless he is entitled to recover for the reasonable value of his services in the sale thereof, which he alleges was 5 per cent. of the consideration agreed to be paid, or $536.-25, the reasonable and customary charge; that he found a purchaser ready, willing, and able to buy, to whom appellee's land was sold.

Appellee answered by general demurrer, general denial, and specially pleaded that he did not list the lands with appellant, nor employ him to find a purchaser therefor, nor agree to pay him a commission for the sale thereof; that, if appellant rendered any services in the conditional sale made of the land, such services were voluntary; that all the negotiations between him and appellant relative to a commission were conditioned upon the purchaser of the land procuring a loan, the proceeds of which were to be used in discharging a lien then existing against this and other lands belonging to him; and that such condition was never complied with, no loan was ever obtained, and that the conditional sale made was never consummated.

By agreement of the parties, the case was submitted to the jury by the court without instructions, and a general verdict returned against the appellant, and judgment was entered that he take nothing by his suit.

The only issue presented to this court for review is the sufficiency of the testimony to support the verdict of the jury.

Appellant's pleadings base his right to recover on an agreement of appellee to pay a commission for the sale of the land, or, in the alternative, on quantum meruit, that he was entitled to pay for his services for the sale of · the land.

[1-3] At the first discussion relative to the sale of the land, appellee told appellant that he would take $65 per acre for the land. Nothing was said about commissions nor about the terms of the sale, and the presumption follows that the sale would be for cash. Rule-Jayton Cotton Oil Co. v. Vera Gin Co. et al. (Tex. Civ. App.) 261 S. W. 157; Howard v. Emerson (Tex. Civ. App.) 65 S. W. 382. The prospective purchaser would not agree to buy for cash, and appellee advised him and the appellant that there was an indebtedness secured by a lien of $4,000 against his lands, and he could not sell the piece involved in this controversy without sufficient cash to pay such indebtedness and secure a discharge of the · lien. Appellant suggested that the purchaser secure a loan for · such amount as could be obtained against the land, which, with the cash he could pay,

could be used in the payment of appellee's indebtedness, and in securing a release of the lien. An agreement was made, and deed to the land executed, on the condition that a loan could be secured and the lien discharged.

The testimony tends to show, and we must assume that the jury so found, that, after these negotiations, it was understood that appellee should pay the appellant a commission if the loan was secured and a release obtained and the sale consummated as contemplated by the parties; that a release of the lien against appellee's land could not be obtained on account of the terms of the instrument evidencing appellee's indebtedness, for which reason the purchaser did not want the land; that, by mutual agreement, the conditional sale was abandoned, no loan was secured, and the sale was never consummated; and that appellant was entitled to his commission only on the condition of a consummated sale.

Appellant does not plead that the sale failed on account of the fault of appellee, and the testimony tends to show that all parties acted in good faith.

As revealed by the record, we do not feel warranted in holding that the evidence is insufficient to sustain the verdict of the jury. Morris v. Logan et al. (Tex. Civ. App.) 273 S. W. 1019; Smith v. Jones (Tex. Civ. App.) 264 S. W. 573; Freeman v. Wooten (Tex. Civ. App.) 234 S. W. 415; Armstrong v. Payne (Tex. Civ. App.) 233 S. W. 139; Crawford v. Woods (Tex. Civ. App.) 185 S. W. 667; Cheatham & Haney v. Dansby (Tex. Civ. App.) 159 S. W. 385.

The judgment is affirmed.