## DONAHUE v. FULLER.  (No. 7981.)

Court of Civil Appeals of Texas. San Antonio.
May 16, 1928.

I. Brokers ⊕➾60—Sale must be actually made before commission is earned under employment of agent to make sale.

Where an agent is employed to make a sale, sale must be actually made before commission is earned.

2. Brokers ⊕➾52—Where agent is required only to negotiate "sale," earning commission depends on performance to principal's satisfaction, though sale be not completed; "negotiation."

Where an agent is required only to negotiate a sale to earn his commission and not to make such sale, his commission is dependent on performance of that obligation to the satisfaction of his principal, whether sale is actually completed or not, "negotiation" meaning to arrange the preliminaries of a business transaction, and a "sale" being a contract by which, for a consideration, one party transfers to another an interest in property.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Negotiation; Sale.]

3. Brokers ⊕➾63(4)—Broker under contract to negotiate exchange held to have earned commission on landowners making exchange contract, though sale was not consummated because of principal's refusal to perform.

Real estate broker hired to negotiate an exchange of properties held to have earned his commission on bringing parties together into an agreement, though sale was not consummated because principal refused to accept title, deeming it not merchantable.

Error from County Court at Law, No. 1, Bexar County; McCollum Burnett, Judge.

Action by J. F. Fuller against H. J. Donahue. Judgment for plaintiff, and defendant brings error. Affirmed.

Hal Browne, of San Antonio, for plaintiff in error.

George Powell, of San Antonio, for defendant in error.

COBBS, J. Defendant in error sued plaintiff in error for the sum of $250, stipulated commission for bringing about the exchange of lands as provided in a written contract. W. W. Bueche, one of the parties to the contract was not sued. Plaintiff in error answered, among other things, that the title was not good, setting out certain defects in the title, and the existence of a valid unreleased lien thereon, which caused the refusal of Donahue to perform. The cause was tried with a jury, and at the close of the evidence both parties made requests for an instructed verdict, and the court instructed a verdict in favor of defendant in error for $250, for which sum the court entered judgment.

Appellee had negotiations with W. W. Bueche and brought him and appellant together and the following contract was negotiated by and between them:

"State of Texas, County of Bexar.

"This contract witnesseth: That W. W. Bueche, of Frio county, Texas, and H. J. Donahue, of Bexar county, Texas, agree to exchange with each other their real properties, as follows:

"W. W. Bueche agrees, obligates and binds himself to sell, alien and convey to H. J. Donahue, of Bexar county, Texas, by valid warranty deed, two hundred and nine (209) acres of land, situated six and one-half miles east of Pearsall, in Frio county, Texas, valued at seven thousand ($7,000.00) dollars, and described as follows:
* * *

"In consideration of which, H. J. Donahue obligates and binds himself to sell, alien and convey to W. W. Bueche by valid warranty deed and title lots Nos. thirteen (13) and fourteen (14) in block two (2), city block 3886, situated in the city of San Antonio, Bexar county, Texas, valued at seven thousand ($7,000.00) dollars. W. W. Bueche is to clear the title to said 209 acres of all liens thereon, and in particular of a lien for two thousand ($2,000.00) dollars, and to convey said land to said Donahue

free from all incumbrances or taxes; the parties hereto to have their abstracts of title brought up to date, showing valid and merchantable title to their properties, or if defective, to be made marketable as early as it is possible to do so. The deal to be closed on or before fifteen days after delivery of abstracts of title; each party to furnish certificate showing payment of all back taxes upon their respective properties.

"It is agreed that H. J. Donahue shall pay to J. F. Fuller, agent, two hundred and fifty ($250.-00) dollars, as commissions for negotiating this deal.

"All city, state and county taxes upon the lots of H. J. Donahue to be paid, and all state and county taxes due upon the 209 acres of land to be paid.

"It is stipulated and agreed that lots Nos. 13 and 14, in block 2, city block 3886, are to be conveyed together with all improvements thereon situated, including all furniture in the building located on said lots.

"Witness our hands at San Antonio, Texas, this the 6th day of January, A. D. 1927.

              "H. J. Donahue. .
              "Walter W. Bueche."

The contract specifically provided that W. W. Bueche was to clear the title of said 209 acres of certain liens and to have abstracts brought down to date "showing valid merchantable title to their properties, and if defective, to be made marketable as early as it is possible to do so. The deal to be closed fifteen days after delivery of abstracts, etc."

The stipulation as to commission was $250 for only "negotiating this deal." The abstract of title furnished was examined by plaintiff in error's attorney and upon whose advice it was turned down as not a good and merchantable title, such as contracted for. It was no fault of the broker that W. W. Bueche did not comply with the terms of the contract and within a reasonable time clear up the title.

The facts show that Bueche failed to clear the title to his 209 acres of land of all liens and to convey said land free from all incumbrances. The exchange was not consummated though appellee made all the negotiations for the exchange. In the contract for exchange it was stipulated, among other things:

"It is agreed that H. J. Donahue shall pay to J. F. Fuller, agent, two hundred and fifty ($250.-00) dollars, as commissions for negotiating this deal."

This was probably done to satisfy Bueche that appellant considered himself bound for the commissions, but it was an admission upon the part of appellant that he owed appellee $250, not for the consummation, but for "negotiating this deal." At the time that the contract was made the negotiations made by appellee were closed, and he could not extend his negotiations any further. His service was at an end, and for that service appellant promised unconditionally to pay appellee $250. That admission of indebtedness was not conditioned upon the consummation of the exchange of the properties and the mutual execution of deeds, but the payment was to be made for negotiations already performed which had ended in a contract of exchange, capable of being enforced at law.

There is a very broad distinction between making or causing a sale to be made and negotiating a sale. In the latter case it means to discuss or arrange a sale or bargain; to arrange the preliminaries of a business transaction; the deliberation, discussion, or conference upon the terms of a proposed agreement; the act of settling or arranging the terms and conditions of a bargain, sale, or other business transaction. Black's Law Dictionary. The negotiations may never terminate in a sale. A sale is a contract by which for a consideration one party transfers to another an interest in property. It is an agreement by which one gives a thing for a price in current money and the other gives the price in order to have the thing itself. In other words, these are the circumstances to concur to the perfection of the contract: The thing sold, the price paid, and the consent. Black's Law Dictionary.

[1, 2] If an agent therefore is employed simply to make a sale, it is necessary in such case for the sale to be actually consummated to earn his commission; but, where the agent is only required to negotiate a sale to earn his commission, his commission is dependent on the performance of that obligation, to the satisfaction of his principal, whether the sale is actually completed or not.

[3] We think the broker earned his commission, and the trial court committed no error in the judgment, and it is affirmed.

The original opinion is withdrawn and this substituted in lieu thereof.