## .W. A. LUCAS & CO. v. THOMPSON et al.
### (No. 779.)

Court of Civil Appeals of Texas. Waco.
March 7, 1929.

Rehearing Denied March 28, 1929.

Taylor, Atkinson & Farmer and Neff, Hale & Neff, all of Waco, for appellant.

King, Mahaffey & Wheeler, of Texarkana, Trippett, Richey & Sheehy, of Waco, and C. S. & J. E. Bradley, of Groesbeck, for appellees.

GALLAGHER, C. J. This suit was instituted by appellant, W. A. Lucas, doing business under the firm name of W. A. Lucas & Co., to recover of appellees Floyd Thompson and R. T. Bell commissions for negotiating a contract between them for the exchange of certain properties owned by them, respectively. For convenience and brevity the parties will be hereinafter designated by their respective names. Lucas alleged that Thompson had listed with him as a real estate broker his (Thompson's) ranch situated in Erath county, and containing over 14,000 acres of land, for sale or exchange, and had agreed to pay him in event of a cash sale a commission of 5 per cent., and in event of an exchange a commission of 2½ per cent. thereon; that Bell had listed with him as such broker certain properties belonging to him and situated in Cooledge, Limestone county, Tex., for sale or exchange on the same terms; that each of said parties by such listing impliedly represented to him that he had a good and merchantable title to his properties; that he negotiated and secured by his services an enforceable contract between said parties for the exchange of their said respective properties; that each of them knew that he was employed by the other and was to receive compensation from each of them for his services; that the only condition of said contract was that each of said parties obligated himself to furnish to the other an abstract showing a good, marketable title in him to his said properties; that, notwithstanding said valid and enforceable contract, said Thompson and said Bell had failed to execute the same by exchanging their said properties as therein stipulated and agreed. He further alleged that the commission due him by Thompson amounted to $8,438.25 and that the commission due him by Bell amounted to $2,555.75, and asked for judgment against them jointly and severally for the sum of $10,994, being the aggregate amount of the commissions so claimed against them, respectively.

Thompson pleaded that in his employment of Lucas it was expressly stipulated that he should be paid commission only after the consummation of a sale or exchange and after all papers pertaining thereto had been passed between the parties; that he had furnished Bell an abstract to his ranch, but that Bell refused to consummate said exchange of properties because his abstract failed to show a good and merchantable title to a large portion of said land, he having only a limitation title to such portion thereof; that he was anxious to consummate said trade and offered to attempt to perfect his title, but that Bell refused to wait until he could do so; that his attorney advised him that his title to said ranch, because of such defect, was not a good and merchantable title, and that he could not compel Bell to accept the same; that said

proposed trade and exchange of properties as stipulated in said contract was never consummated; and that, under the express stipulations of his contract of employment with Lucas, he did not owe him any commission. He further alleged that during the negotiations between him and Bell, and before said' contract between them was signed, he had a new and specific oral agreement with Lucas, by the terms of which it was expressly provided that, in event said proposed contract was signed, said Lucas should accept in full of his commission a certain sum of money ($1,000) in cash, and that he should convey to him title to one of the pieces of property which was to be conveyed to him by Bell in consummating said exchange, but that such commission was to be paid only after the proposed exchange of properties was consummated and all papers with reference thereto passed; that said exchange as proposed in said contract was never consummated; and that he was therefore not liable to Lucas for any commission.

Bell pleaded that the abstract to the Thompson ranch furnished him under the terms of said contract did not show a good merchantable title thereto in said Thompson; that the title shown thereby was defective in many particulars; that among such defects was the fact that Thompson's claim to a large portion of said ranch was based on limitation; that he declined to consummate said contract for the exchange of said properties solely because of such defects.

Lucas, by supplemental petition, alleged that he did not know whether Thompson's title to said ranch was good and merchantable, but that Thompson expressly represented to him that it was; that in the oral agreement pleaded by Thompson, if such agreement was made, it was expressly provided that same should become effective and binding only in event the written contract between Thompson and Bell for the exchange of their respective properties should be consummated; that both Thompson and Bell were therefore liable to him on their original contracts for the payment of commission. He also alleged that the value of the particular property which he was to receive as a part of his commission out of the property to be conveyed by Bell to Thompson under said contract was $4,000.

There was a trial before a jury. Lucas requested a peremptory charge in his favor, which request was refused. The case was submitted on special issues, in response to which the jury found: (a) That Bell declined to complete the contract with Thompson because the abstract furnished him failed to show a marketable title; (b) that Thompson did not represent to Lucas, prior to the time said exchange contract was signed, that he had a good and merchantable title to his said ranch; (c) that the reasonable market value of the property to be conveyed to Lucas, by Thompson as part of his commission was $2,000. The court rendered judgment on the verdict of the jury that Lucas take nothing against either Thompson or Bell. Said judgment is here presented for review.

## Opinion.

■ Lucas presents as ground for reversal the refusal of the court to instruct a verdict in his favor. By his first proposition in that connection, he contends that the undisputed evidence showed that he was the procuring cause of said contract for the exchange of said properties; that the same was valid and enforceable, and that, therefore, his commissions from each of said parties, respectively, became due and payable. By his second proposition in that connection, he contends that Thompson, by listing his ranch with him for sale or exchange, represented by implication of law that he had a good and merchantable title thereto; that since his title was in fact defective, and since the defects therein were made by Bell the sole basis of his refusal to consummate said trade, he became entitled to his commissions, notwithstanding said trade was never consummated, and notwithstanding that, under the terms of his contract for the payment of commissions by Thompson, commissions were not to be paid until same was consummated. By his seventh proposition he further contends that the court should have rendered judgment in his favor against Thompson on the verdict rendered by the jury for the sum of $3,000, the aggregate amount of the cash commission promised and the value as found by the jury of the property he was to receive as a part of his commission. The court instructed the jury that the abstract to Thompson's ranch did not show a good and merchantable title in him thereto and appellant does not in any way challenge the correctness of said charge. The jury found that Bell refused to consummate the trade because Thompson's title was defective and that Thompson did not misrepresent his title to Lucas. The new or modified contract of employment between Lucas and Thompson, made on the eve of the execution of the contract of exchange by Thompson and Bell, expressly provided that the commission promised Lucas therein should be paid only after such exchange had been completely consummated.

The rule applicable in such cases is stated in 4 R. C. L. 313, latter part of section 51, as follows: "If the contract of employment contains an express stipulation to the effect that the transaction to be negotiated must be consummated in order to entitle the broker to his commissions, a defect in his employer's title preventing consummation will obviously operate as a bar to the recovery of any compensation upon his part, irrespective of whether he knew or should have known of the exist-

ence thereof." This rule has been frequently announced and applied by the courts of this state. Crawford v. Woods (Tex. Civ. App.) 185 S. W. 667, 673, par. 5; Smith v. Jones (Tex. Civ. App.) 264 S. W. 573, 575, 576, par. 1; Armstrong v. Payne (Tex. Civ. App.) 233 S. W. 139, 140, 141, pars. 1 and 2; Owen v. Kuhn, Loeb & Co. (Tex. Civ. App.) 72 S. W. 432, 433 (writ refused); Freeman v. Wooten, 234 S. W. 415, 416, pars. 1 and 2; Heath v. Huffhines (Tex. Civ. App.) 152 S. W. 176, 178, pars. 4 and 5; Donahue v. Fuller (Tex. Civ. App.) 5 S.W.(2d) 1037, 1038, par. 1. See, also, in this connection, Couper v. O'Neill, 53 Misc. Rep. 319, 103 N. Y. S. 122, 123; Ford v. Brown, 120 Cal. 551, 52 P. 817, 818; Owen v. Ramsey, 23 Ind. App. 285, 55 N. E. 247, 248, 249; Seattle L. Co. v. Day, 2 Wash. 451, 27 P. 74. The court did not err in refusing to instruct a verdict in favor of Lucas against Thompson; neither did he err in refusing to enter judgment in his favor against Thompson on the verdict rendered.

The court did not err in refusing to instruct a verdict in favor of Lucas against Bell for the commissions promised by him. The contract of exchange stipulated specifically that the abstract to Thompson's ranch should show a good title thereto in him. It did not do so. Said contract could not for that reason be specifically enforced. Bell could not be required to convey his own property to Thompson and accept therefor a deed from Thompson to said ranch, unless such deed would have vested in him a good and merchantable title thereto. The failure to consummate the proposed exchange of properties cannot be charged against him. Lucas did not secure for him an enforceable contract for such exchange. Neither was Thompson able to comply with its terms. Such being the case, Lucas was not entitled to recover the commissions promised him by Bell. Smith v. Felder (Tex. Civ. App.) 208 S. W. 409; Brandstetter v. Hook (Tex. Civ. App.) 251 S. W. 257, 258, par. 2.

■ Lucas assails the finding of the jury that Thompson did not represent to him that he had a good and merchantable title to his ranch, as being without support in the evidence. Lucas testified that Thompson told him that his title to his ranch was in first-class shape; that he had had the title examined when he purchased by a competent attorney, "who stayed with them" until he got the title to suit him; and that the title had been passed by two loan companies. Thompson testified in this connection that he told Lucas some of his titles were based on limitation; that Lucas did not raise any objection thereto, but stated in reply that the title to all large tracts of land in Texas was as a rule based partly on limitation. Lucas did not deny that such statement was made, but testified he had no recollection thereof. The principal objection urged by Bell to Thompson's title was that his claim to a large portion of said lands was based solely on limitation and that such claim had not been adjudicated. Since both Lucas and Thompson were interested witnesses, their credibility and the weight to be given to their testimony, whether contradicted or not, were questions for the jury. Pope v. Beauchamp, 110 Tex. 271, 280, 219 S. W. 447, 450, par. 5; Caldwell v. McGarvey (Tex. Civ. App.) 285 S. W. 859, 860, pars. 1 and 2; Kansas City, M. & O. Ry. Co. v. Rochester Ind. School Dist. (Tex. Civ. App.) 292 S. W. 964, 966, par. 8; Walker v. Dawley (Tex. Civ. App.) 4 S.W.(2d) 159, 161, par. 4; Godfrey v. Central State Bank (Tex. Civ. App.) 5 S.W.(2d) 529, 537, 538, par. 17; Head v. Scurr (Tex. Civ. App.) 8 S.W.(2d) 819, 821, par. 2; Walker v. Rogers (Tex. Civ. App.) 10 S.W.(2d) 763, 765, par. 2.

■ Lucas complains of the action of the court in refusing to allow his counsel for argument as much time as was allowed counsel for both Thompson and Bell. The court allowed counsel for each of the three parties one hour for argument. Counsel for Thompson consumed one hour and counsel for Bell fifty minutes in presenting their respective contentions to the jury. Counsel for Lucas was permitted to consume one hour and twenty minutes in presenting his contentions to the jury. While the court refused to permit counsel for Lucas to further continue his argument, there is nothing in the bill of exception to show that the time allowed was insufficient to properly present his case, nor that any issue was left undiscussed for lack of time. Considering the issues submitted to the jury and the contention of the respective parties with reference thereto, we cannot say that the court abused his discretion in restricting the argument for Lucas to such time. Glover v. Houston Belt & Terminal Co. (Tex. Civ. App.) 163 S. W. 1063, 1068, par. 17; Mitchell v. Robinson (Tex. Civ. App.) 162 S. W. 443, 447, par. 12 (writ refused); Cooper v. Marek (Tex. Civ. App.) 166 S. W. 58, 60, par. 4 (writ refused).

The judgment of the trial court is affirmed.