## SHINER v. NAYLOR et al.

### No. 11477.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 3, 1945.

Rehearing Denied Jan. 31, 1945.

Leonard Brown, of San Antonio, for appellant.

Wm. Seipel and Thos. G. King, both of San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from a judgment for a real estate broker's commission of $600, rendered in favor of appellees, P. C. Naylor, Solomon Casseb and B. L. Craighead, and against appellant, E. E. Shiner. Trial was before the court without a jury.

The case turns upon the construction of a written contract, the material parts of which read as follows:

" * * *

Earnest Money Receipt
" * * *

San Antonio, Texas, March 3, 1944

"I hereby acknowledge receipt of ($1000) One thousand Dollars as earnest money to bind sale of property situated in Bexar County, Texas, described as follows:

"Lot 4 N.C.B. 293 on South Laredo about 120 feet and about 170 feet in rear with about 345 feet in depth to railroad track according to city plat, the same to be surveyed by the seller.

The total consideration of this sale is $12,000.00 being on the following terms: $12,000.00 cash, of which this earnest money shall form part, * * *. Seller to furnish Certificate of Title Guaranty issued by the Alamo Abstract & Title Guaranty Co., or any other reliable guaranty company in said County, or complete Abstract, made by Alamo Abstract & Title Guaranty Co., or any other reliable abstract company in said County, General Warranty Deed, and Tax Statement showing no delinquent taxes. Current interest, taxes, insurance, rents and water rents, if any, to be prorated to date of delivery of deed. Title to be good and marketable subject only to the liens securing said note (s) and the restrictions, if any, in force against said property, or is to be made so within a reasonable time, at the expense of Seller.

"If Title Guaranty is furnished, same to be delivered as and when deal is closed, deal to be closed within 15 days from date, unless attorneys of guaranty company discover objections to title, in which case deal to be closed when objections are removed. It is understood that by the delivery of a Certificate of Title Guaranty under the terms of this earnest money receipt all duties and obligations of seller as to the sufficiency of title required hereunder shall be deemed to be fully performed by him.

"Upon failure of buyer to comply herewith, seller may, at his option, either enforce specific performance, or forfeit this earnest money as liquidated damages ($500 to go to seller and $500 to the agent.) If title is found objectionable and cannot be cleared within a reasonable time, buyer may demand back this earnest money, thereby releasing the seller from this earnest money receipt, or he may enforce specific performance.

"Seller to pay agent commission 5% to P. C. Naylor & Solomon Casseb and B. L. Craighead & Co:"

The "Earnest Money Receipt" here involved was on a printed form. The trial court impliedly found (and such finding has support in the evidence) that E. E.

Shiner personally signed his name to the contract as seller. Solomon Casseb likewise signed his name to the instrument on a line immediately under Shiner's signature. The word "by" was printed on this line immediately ahead of Casseb's signature, and the word "agent" was printed immediately under said line. Casseb did not sign Shiner's name to the agreement, however, and the situation here is not analogous to that presented in the report of Walker v. Keeling, Tex.Civ.App., 160 S.W.2d 310, where it appeared that the agent, seeking to hold an owner for commission, had signed the owner's name to a memorandum as agent of said owner.

The buyer and the escrow agent endorsed the "Earnest Money Receipt" as follows:

"I hereby accept the foregoing earnest money receipt, and agree to all of its terms and conditions.

"(signed) George N. Jamail, Buyer."

"We acknowledge receipt of $1,000.00 earnest money.

"Stewart Title Guaranty Company

"By (signed) Douglas S. Perkins."

Appellees testified that they were licensed real estate dealers. Solomon Casseb testified that he had talked with appellant over the telephone and been advised by Shiner that he had personally signed the written contract involved. Casseb further testified that the $1000 earnest money was still on deposit with the title company, and that demand for the payment of the $600 commission has been refused by Shiner.

The above constitutes a complete resume of all the evidence introduced upon the trial below. Shiner went to trial upon a general denial. He did not testify nor offer any evidence.

Appellant contends that the judgment must be reversed as "the undisputed evidence showed that the deal for the sale of said property was still pending and the earnest money was still on deposit with the title company and there was no provision in said contract authorizing the payment of any commission during the pendency of said deal."

This contention must be sustained.

In Donahue v. Fuller, Tex.Civ.App., 5 S.W.2d 1037, 1038, this Court considered the construction of a clause in a contract for the sale of real estate which read as follows: "It is agreed that H. J. Donahue shall pay to J. F. Fuller, agent, two hundred and fifty ($250.00) dollars, as commissions for negotiating this deal."

In the opinion, Judge Cobbs, writing for this Court, said: "There is a very broad distinction between making or causing a sale to be made and negotiating a sale. * * * If an agent therefore is employed simply to make a sale, it is necessary in such case for the sale to be actually consummated to earn his commission; but, where the agent is only required to negotiate a sale to earn his commission, his commission is dependent on the performance of that obligation, to the satisfaction of his principal, whether the sale is actually completed or not."

Appellees' proof went no further than showing that Shiner, as seller, and Jamail, as buyer, had executed the contract above set out. Since appellees rely upon this agreement and nothing more to support the judgment rendered, the question presented may be stated as follows: Does the contract provide that immediately upon its being executed by the seller and the buyer, the seller shall pay to the agents named the sum of $600? This question must be answered in the negative. The contract contains two provisions relating to real estate agents, which we repeat here:

"Upon failure of buyer to comply herewith, seller may, at his option, either enforce specific performance, or forfeit this earnest money as liquidated damages ($500 to go to seller and $500 to agent)."

"Seller to pay agent commission 5% to P. C. Naylor & Solomon Casseb and B. L. Craighead & Co."

The contract must be construed as providing that in case of default on the part of the buyer and an election on the part of the seller to forfeit the earnest money, the agent would receive $500 as liquidated damages in lieu of a claim for a commission. The contract will not bear the construction that in case of default on the part of the buyer and election to forfeit by the seller, the agent shall receive $500 and that the seller shall also be liable to pay to the agent a commission of 5% on the purchase price of $12,000 agreed upon.

As the contract expressly provides for various rights to accrue to the parties in the event of nonconsummation of the executory contract of sale and as the amount of money due to the agents is dependent upon the exercise of such rights, it

necessarily follows that the parties did not contemplate that $600 (5% of $12,000) should be payable to the agents immediately upon the execution of the executory contract of sale. Upon appellees rested the burden of going further and showing that events or transactions have or have not taken place subsequent to the time of the execution of the contract of sale which would in accordance with the provisions of said contract entitle them to receive the commission for which they sue.

As this case is obviously not fully developed, we pretermit further discussion.

The judgment appealed from is reversed and the cause remanded for new trial.